UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TONI MOORE AND LESLIE MOORE** | * | **CIVIL ACTION NO. 10-0400** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **OFFICE DEPOT, INC. AND RODNEY PAGANS** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>MEMORANDUM RULING</u>

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 15] filed by plaintiffs Toni Moore and Leslie Moore.[1]  Removing defendant opposes the motion.  For reasons stated below, the motion is **GRANTED**.

BACKGROUND

On January 4, 2010, Toni Moore (hereinafter, sometimes referred to as "Moore") and her husband, Leslie Moore, filed the instant suit in the 4th Judicial District Court, for the Parish of Ouachita, State of Louisiana, against defendants Office Depot, Inc. ("Office Depot") and Rodney Pagans, an Office Depot employee.  The petition alleges that, on or about March 20, 2009, Toni Moore tripped and fell while shopping with her husband at the Office Depot store in Monroe, Louisiana.  (Petition, ¶ 3).  Specifically, while attempting to pull out a chair mat from a display rack, Moore caught her foot on a sample mat that was on the floor, which caused her to fall over

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

backwards. (Petition, ¶¶ 3-6). As a result of the fall, Moore suffered bruising and injuries, including severe headaches, vision problems, and postconcussive syndrome. *Id.*, ¶ 5.

Plaintiffs contend that the accident was caused by the "fault, negligence, and carelessness" of Office Depot and Rodney Pagans, the store manager for the Monroe Office Depot store. (Petition, ¶¶ 1, 10). Plaintiffs seek recovery for Toni Moore's resultant bodily and mental injury damages,[2] as well as loss of consortium damages suffered by Leslie Moore. *Id*. at ¶¶ 12-13, Prayer.

On April 26, 2010,[3] Office Depot removed this suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Office Depot is a Delaware corporation, with its principal place of business in Florida. *Id*. Plaintiffs are citizens of Louisiana, as is defendant, Rodney Pagans. (Petition, Preamble; Notice of Removal). To circumvent the patent lack of diversity between the parties, removing defendant contends that plaintiffs have no reasonable possibility of recovery against Pagans, and that he was improperly joined in an effort to defeat removal. *See* Notice of Removal. Plaintiffs disagree with defendant's assessment of their claims against Pagans, and on May 25, 2010, filed the instant motion to remand because of incomplete diversity, i.e. lack of subject matter jurisdiction, and because removal was procedurally time-barred under 28 U.S.C. § 1446(b).

---

[2] Moore seeks the customary litany of damages, including "past and future loss of enjoyment of life, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future loss of earning capacity, past and future loss of earnings, past and future disability, past and future physical impairment, past as future loss of non-market services (inability to perform activities of daily living and the like)." (Petition, ¶ 12).

[3] Office Depot contends that it actually removed the case on March 12, 2010. *See* Opp. Memo. The court need not resolve this discrepancy, however. *See* discussion, *infra*.

On June 14, 2010, defendant filed its opposition to the motion to remand. The matter is now before the court.

## LAW AND ANALYSIS

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

### I.   Subject Matter Jurisdiction

Defendant Office Depot invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a).[4] The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). To circumvent the lack of diversity between plaintiff and defendant Rodney Pagans, removing defendant invokes the improper joinder doctrine. The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the

---

[4] Although plaintiffs *now* do not contest that the amount in controversy exceeded $75,000 at the time of removal, the parties cannot confer federal subject matter jurisdiction via consent. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982). Regardless, the court's resolution of the diversity of citizenship requirement pretermits discussion of the amount in controversy, at least in the jurisdictional context.

3

burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendant has demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against him. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[5] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*.[6] In the process, the

---

[5] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[6] In other words, facts that can be easily disproved if not true. *Id.*

court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*

    a) **<u>Corporate Officer or Employee Liability</u>**

Louisiana law provides that in limited circumstances a corporate officer or employee may be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing, *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936. Liability may be imposed on a manager under the following conditions:

    1.    The principal or employer owes a duty of care to the third person . . . . breach of which has caused the damage for which recovery is sought.

    2.    The duty is delegated by the principal or employer to the defendant.

    3.    The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

    4.    With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general

> administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing, *Canter*, 283 So.2d at 721).

It is manifest that, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La.1993) (citations omitted). Furthermore, "[t]he owner or custodian is required to discover any unreasonably dangerous conditions on the premises and correct the condition or warn potential victims of its existence." *Hutchison v. Knights of Columbus, Council No. 5747,* 847 So.2d 665 (La. App. 4th Cir. 5/7/2003), *affirmed*, 866 So.2d 228 (La. 2004). *Id.* An employee can be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship between the employee and her employer. *Canter*, 283 So.2d at 722-723.

**b)      Analysis**

During the relevant period, the non-diverse defendant in this case, Rodney Pagans, was the store manager at the Monroe Office Depot where Moore was injured. (Petition, ¶ 1).

6

Plaintiffs allege *inter alia* that Pagans was personally responsible for safety at the Office Depot store.  *Id*.  Plaintiffs further allege that Office Depot delegated specific duties and obligations to Pagans including,

> walking and inspecting the subject store and premises to identify and eliminate or otherwise warn of hazards and/or unreasonable risks of harm him [sic] to customers on a daily basis; identify, eliminate and/or warn of low profile hazards which could pose an unreasonable risk of harm to customers of said store; personally train other employees regarding the identification, elimination, and/or warning of slipping/tripping hazards which could pose an unreasonable risk of harm to customers; correcting identified potential hazards on a timely basis; and providing a safe and healthy environment for customers to shop in.

*Id*., see also Petition, ¶ 6.

Plaintiffs contend that the accident was caused by Pagans' "specific malfeasance . . . in creating and/or allowing the dangerous condition . . . namely the unsafe placement of the chair mat . . ." *Id*. at ¶ 7.  Moreover, Pagans and other employees failed to remedy the dangerous condition or to warn customers about the unreasonably hazardous condition.  *Id*. at ¶ 9.

As the Fifth Circuit observed, "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.'" *Id*. (citing *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E. D. La.1992); *compare Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (non-diverse defendants were not aware of the alleged unreasonably dangerous condition).  Plaintiffs' allegations satisfy the *Canter* criteria.

In support of removal, Office Depot has not adduced any evidence to negate plaintiffs' allegations, nor has it established that Pagans did not owe, or did not breach any duty to plaintiffs.  Instead, defendant suggests that plaintiffs' allegations do not suffice to state a claim against Pagans.  The court disagrees.  *See* discussion, *supra*.  Once plaintiffs have stated a claim against the non-diverse defendant, their "lack of substantive evidence as to the non-diverse

7

defendant does not support a conclusion that he was [improperly] joined." *Travis*, 326 F.3d at 650-651. At this juncture, defendant must come forward with evidence to negate a possibility of liability against the non-diverse defendant. *Id.*[7] Office Depot has not done so, and thus has failed to preclude the reasonable possibility that Pagans is subject to liability under state law.[8]

Pagans' continued presence in the suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447.

## II.    Timeliness of Removal

Having determined that the court lacks subject matter jurisdiction because of incomplete diversity, the court need not address the alleged procedural failure to timely remove the case. Nonetheless, the court observes that with regard to amount in controversy, neither the complaint, nor the "other paper" discovery responses attached to the notice of removal,[9] appear sufficiently unambiguous to trigger § 1446(b)'s removal periods. *See Gilbreath v. Averitt Express*, 2010 WL 1643786 (W.D. La. Mar. 10, 2010). Accordingly, removal was premature and remand is

---

[7] "[S]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [plaintiff] to establish [the non-diverse defendant]'s liability at trial." *Id.*

[8] The court cautions that this is not a motion for summary judgment where after defendant makes an initial showing, the burden of proof shifts to plaintiffs to set forth competent summary judgment evidence to support each element of her claim against the non-diverse defendant. Rather, in the context of a motion to remand, removing defendant has the onerous burden of proving no reasonable possibility of recovery by plaintiffs against the non-diverse defendant.

[9] In her Answers to Interrogatories dated February 16, 2010, plaintiff did not know whether her cause of action exceeded $75,000. (Ans. to Interr., Notice of Removal, Exh. B). Further, plaintiff's medical records appear to indicate that her blurred vision and headaches actually preceded the March 20, 2009, incident at Office Depot. *Id.*, pgs. 18-20.

required. *Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026 (S.D. Miss. May 29, 2009).

### III.     Conclusion

For the foregoing reasons,

The motion to remand [doc. # 15] filed by plaintiffs Toni Moore and Leslie Moore is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita.

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of June 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE